Niall D. Ó Murchadha
Of Counsel

nomurchadha@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

July 8, 2019

<u>BY ECF</u>

Hon. Nancy Hershey Lord
United States Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East, Suite 1595
Brooklyn, New York 11021

Re:   <u>Suparo International, Inc., v. Kedia, Adv. Proc. No. 14-01090 (NHL)</u>

Dear Judge Lord:

I represent creditor Suparo International in the above adversary proceeding, and I write to inquire regarding the Court's post-trial ruling. Trial in this matter took place in July and August 2016, and the post-trial submissions were completed in January 2017. If the Court requires any other submissions from the parties, I respectfully request that the Court let us know.

Relatedly, I wish to call the Court's attention to a very relevant decision of the United States District Court for the Eastern District of New York in *Salim v. V.W. Credit, Inc.*, 577 B.R. 615 (E.D.N.Y. 2017).[1] In *Salim*, the debtor borrowed money for his automobile business ("Big Apple") from the creditor, secured by liens on all of Big Apple's assets and a personal guaranty from the debtor. *Id*. at 618-19. But after automobiles were sold, the debtor caused Big Apple to pay the proceeds to his mother and to other family members rather than to the secured creditor. *Id*. at 619-620. This conduct was found to be both willful, *id*. at 627, and malicious:

> Despite his affidavit, appellant's transfer of $335,000.00 to his mother clearly was in breach of his personal guaranty, and was wrongful and without just cause or excuse. Appellant does not dispute that VCI had a superior position to the proceeds of Big Apple's vehicle sales under the loan agreements. Furthermore, appellant has testified that he was aware that VCI had a senior secured interest in Big Apple's assets when he signed the guaranty. Even construing the evidence in

---

[1] Suparo's post-trial submission cited the Bankruptcy Court's decision in the *Salim* case, but that decision had not yet been affirmed by the District Court.

>   favor of the nonmoving party, the court notes that the record does not provide
>   any justification or excuse for the transfer of funds to appellant's mother. There is
>   no evidence that transferring $335,000.00 away from a senior lender, VCI, to pay
>   off a debt owed to a junior lender, appellant's mother, would benefit Big Apple or
>   was otherwise justified.

*Id*. at 628 (internal record citations omitted). Finally, the District Court noted that, under the rule of *In re Alessi*, 405 B.R. 65 (Bankr. W.D.N.Y. 2009), a "deliberate and intentional refusal to pay sale proceeds despite a contractual provision requiring it to satisfied malice standard within the meaning of section 523(a)(6)." *Id*. at 628.

Respectfully Submitted,

Niall D. Ó Murchadha

cc: all counsel (via ECF)